# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MARK GRAYSON, | ) | Cr. A. No. 1509003378A |
| | ) | 1509003378B |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

Date Submitted:  February 6, 2017
Date Decided: March 22, 2017

On The States Motion for a Directed Finding of Fact.
**DENIED IN PART**; **GRANTED IN PART.**

## ORDER

John S. Taylor, Esquire, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorney for the State of Delaware.

Misty A. Seemans, Esquire, Wilmington, Delaware, Attorney for Defendant.

**SCOTT, J.**

## Background

On January 18 and 19, 2017, a jury trial was held in this Court in *State v. Mark Grayson*, 1509003378A. The trial was bifurcated into an A and a B trial, which severed the Possession of a Firearm by a Person Prohibited (PFBPP) and Possession of Ammunition by a Person Prohibited (PABPP) from the other charges. In the A trial, the jury found Defendant guilty of Reckless Endangering First Degree, Possession of a Firearm During the Commission of a Felony (PFDCF), and Resisting Arrest. The Court dismissed the jury for the day, and the jury was to come back the following day for the B trial regarding the PFBPP and PABPP charges. Consequently one of the jurors was ill and could not make it to the B trial. Defendant refused to proceed with eleven jurors and requested an entirely new jury panel for his B trial.

## Parties' Contentions

The State requests that the Court direct the new jury panel that the State has established that Defendant possessed a firearm on September 4, 2015. The State argues that in other contexts directed findings have been upheld. Defense argues that if the Court grants the State's Motion for a Directed Finding of Fact, the new instruction will violate Defendant's rights under the Sixth and Fourteenth Amendments of the United States Constitution, and Article I, Section 4 and 7, of Delaware's Constitution. Defense claims that the State failed to cite to any

Delaware case law where the court has instructed a different jury panel as to a directed finding, and the State relied on irrelevant case law to support its Motion.

## Discussion

The question this Court must determine is whether the State is entitled to an instruction in the B trial that Defendant possessed a firearm, because the State proved beyond a reasonable doubt in the A trial that he possessed a firearm during the commission of a felony. The Court finds that the State is entitled to an instruction acknowledging that possession of a firearm is established. The issue in this case is more fundamental than the parties raised in their respective motions. How the Court has handled prior similar cases is relevant because they hinge on the Court's practices to promote judicial efficiency. Whether the Court chooses to sanitize or sever a case is discretionary, and stems from the Court's Criminal Rules. Superior Court Criminal Rule 8 provides that "two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged are of the same or similar character or are based on the same act or transaction."[1] Similarly, Superior Court Criminal Rule 14 allows the Court to "sever offenses and hold separate trials if it appears that a defendant

---

[1] Super. Ct. Crim. R. 8(a).

will be prejudiced by the joinder."[2]  The Delaware Supreme Court held that "there does not appear to be any prior case which establishes that severance is required" for Person Prohibited charges, and while "Person Prohibited charges are frequently severed, it is also true that they are sometimes tried together with other charged offenses."[3]  With that being said, Defendant filed a motion to sever the PFBPP and PABPP.  The Court granted Defendant's motion even though, pursuant to Superior Court Criminal Rule 8, the charges arise from the same transaction.  Because the charges arise from on transaction, the Court notes that the B trial is not a second trial.  The PFBPP and PABPP charges flow from the same indictment and occur from the same transaction as the A trial.  The B trial is merely a subset of the overall transaction, which the Court severed in favor of Defendant.  Once the jury found Defendant guilty of possession of a firearm in the A trial, possession of a firearm relating to the entire transaction was established beyond a reasonable doubt.  Thus, Defendant's constitutional rights to a trial by jury are not infringed if the Court grants the State's Motion.

The Court understands the importance of Defendant's right to a trial by jury, and the State's burden to prove every element of a crime beyond a reasonable

---

[2] *See Massey v. State*, 953 A.2d 210, 217 (Del. 2008)(Delaware Supreme Court upheld the Superior Court's denial of Defendant's motion to sever PDWBPP from other charges, including PDWDCF); *see also* Super. Ct. Crim. R. 14.

[3] *Dale v. State*, 2017 WL 443705, at *2 (Del. Jan. 31, 2017); *see also Rosser v. State*, 2016 WL 1436604 (Del. Apr. 5, 2016)(PFDCF and PFBPP charges were not severed, and the Supreme Court found that the defendant's stipulation that he was a person prohibited waived his claim of prejudicial joinder); *Massey v. State*, 953 A.2d 210 (Del. 2008).

doubt. Nevertheless, the State proved, beyond a reasonable doubt, that Defendant possessed a firearm. Consequently, relitigation of possession of a firearm may render an inconsistent verdict, as a jury unanimously determined that Defendant possessed a firearm on September 4, 2015. Along the same lines, relitigation of possession of a firearm requires that the State essentially try its case in chief twice, as the B trial has the exact same facts, parties, and arises from one transaction.[4] Moreover, the Court does not find Defendant's distinction between the two different jury panels persuasive. Regardless if the B trial jury consists of an entirely new panel of jurors, or the exact same panel of jurors from the A trial, the element of possession of a firearm was established beyond a reasonable doubt. For example, in a bench trial, the Judge would not reevaluate possession of a firearm when assessing the PFBPP charge, nor require the State re-try that Defendant possessed a firearm.

Additionally, this Court notes that possession in PFDCF is encompassed in the broader definition of possession in PFBPP. The PFDCF instruction states that the jury must determine that the defendant committed a felony, "[d]uring the commission of the felony, the defendant possessed a firearm," and the defendant "acted knowingly" in order to find him guilty of PFDCF. The PFBPP instruction

---

[4] The Court notes that this analysis is very similar to an analysis of a *res judicata* argument. Neither party raised *res judicata* as an issue for the Court's determination, but the Court acknowledges it may apply.

states that in order to find that the defendant possessed a firearm, the jury must find he "knowingly possessed, purchased, owned or controlled a firearm at the time of the alleged offense." The PFDCF instructions in the A trial stated that "in order for the defendant to be found in possession of a firearm, as that word is used in this statute, you must find that the weapon was in the *immediate personal possession* of, or under the *immediate control* of the defendant so that it was physically available or accessible during the commission of the crime." Possession, as defined in the PFBPP instruction, "includes actual possession and constructive possession. Actual possession means that Defendant knowingly had *direct physical control* over the weapon. Constructive possession means that the weapon was within Defendant's reasonable control, that is, on or about his person, premises, belongings, or vehicle. In other words, Defendant had constructive possession over the weapon if he had both knowledge of the weapon's presence and the power, at the time, to exercise control over the weapon." Here, the jury determined that the weapon was either in the immediate personal possession of Defendant, or under the immediate control of Defendant so that it was physically available or accessible during the commission of the crime.

The difference in the PFDCF instruction and the PFBPP instruction is based on well settled law that PFBPP is a broader standard of possession.[5] PFDCF requires the State "prove two elements beyond a reasonable doubt: a defendant's commission of a specific felony, and his possession of a firearm during the commission of that felony."[6] Establishing PFDCF "requires evidence of physical availability and accessibility"[7] as well as "proving actual or constructive possession."[8] On the other hand, PFBPP requires "proof that he [defendant] was a prohibited person and that he knowingly possessed or controlled a deadly weapon."[9] Unlike PFDCF, PFBPP "makes it a crime for a prohibited person to possess a weapon or ammunition at *any time*, and "the State need only prove that a defendant possessed or controlled a weapon at some point, not necessarily at the time of his arrest."[10] As the more limited determination of possession was established beyond a reasonable doubt, and the charges arise out of one transaction, possession of a firearm is established. Therefore, the State's motion is hereby **GRANTED** on the element of possession in PFBPP. However, the Court's

---

[5] *See Elmore v. State*, 2015 WL 3613557, at n. 11 (Del. June 9, 2016)(stating that the court applies a "more limited definition of possession to [possession of a deadly weapon during the commission of a felony] than [possession of a deadly weapon by a person prohibited]); *see also Lecates v. State*, 987 A.2d 413 (Del. 2009)("[E]stablishing PDWDCF requires evidence of physical availability and accessibility.").

[6] *Priest v. State*, 879 A.2d 575, 580-81 (Del. 2005).

[7] *Lecates*, 987 A.2d at 418.

[8] *Id.* at 421.

[9] *State v. Barrett*, 2016 WL 3982923, at *3 (Del. Super. Ct. July 25, 2016).

[10] *Maddrey v. State*, 975 A.2d 772, 779 (Del. 2009)(citing *Miller v. State*, 2005 WL 1653713, at *3 (Del. July 12, 2005)).

holding does not apply to the Possession of Ammunition by a Person Prohibited charge. The matter was not litigated in the A trial and Defendant is entitled to a jury determination on this matter. Therefore the State's motion is hereby **DENIED** on the element of possession in PABPP.

       **IT IS SO ORDERED.**

/s/ Calvin L. Scott
The Honorable Calvin L. Scott, Jr.